**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-00772-MSK

**BLOCK 5 ASSET, LLC,**

    Plaintiff,

v.

**QPK DESIGN; and
WANER CONSTRUCTION COMPANY, INC., a Colorado corporation,**

    Defendants.

---

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND**

---

    **THIS MATTER** comes before the Court on the Plaintiff Block 5 Asset, LLC,'s Motion to Remand and Request for Immediate Hearing and Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447(c) (**#6**). No response has been filed by the Defendants, but for the reasons stated herein, the Court concludes that no response is necessary. Further, the Court finds that a hearing on the matter is also unnecessary.

    The Plaintiff commenced this action in the Colorado District Court for Jefferson County. It was later transferred to the District Court for the City and County of Denver. The First Amended Complaint asserts claims of negligent design and breach of contract against Defendant QPK Design, and claims of breach of contract and breach of warranty against Defendant Waner Construction Company. Defendant QPK removed the case to this Court (**#1**), citing 28 U.S.C. §1332 as the basis for jurisdiction.

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). In this case, removal is premised on diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants. In other words, no defendant can be a citizen from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As the party invoking the federal court's jurisdiction, QPK bears the burden of establishing that the requirements for the exercise of diversity jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, the First Amended Complaint **(#3)** alleges that the Plaintiff is a Colorado limited liability company. It further alleges that Defendant Warner is a Colorado corporation and Defendant QPK is an architectural/engineering firm doing business in Colorado with its principle place of business in New York. The Notice of Removal asserts that QPK is "neither incorporated in nor has its principal place of business in Colorado. Rather, [QPK] is an entity formed and existing pursuant to the laws of the State of New York."

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business." 28 U.S.C. § 1332(c)(1). Although the Tenth Circuit has not formally addressed the issue, the majority rule in other circuits is that, for purposes of determining citizenship in a diversity case, limited liability corporations are citizens of every state in which its members reside. *Shannon's*

2

*Rainbow, LLC v. Supernova Media, Inc.*, 683 F.Supp.2d 1261, 1265-67 (D.Ut. 2010); *Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F.Supp.2d 1245, 1248 (D.Kan. 2001).

Upon review of the pleadings, the Court finds that QPK has not established complete diversity between the parties. Based on the allegations contained in the Complaint and the Notice of Removal, the only party whose citizenship is known is Warner, a citizen of Colorado. The Court cannot determine the citizenship of the Plaintiff, and LLC, because there is nothing to establish who the Plaintiff's members are or where they reside. Similarly, the citizenship of QPK is unknown. The Complaint alleges that QPK is a "firm," and the Notice of Removal represents that QPK is an "entity." But without knowing anything about what kind of entity QPK is who its members or partners are, it is impossible to determine its citizenship.

In its Notice of Removal (**#1**), QPK represents that all claims against Waner have been dismissed and that complete diversity now exists. The Court finds that the dismissal of Waner as a party to this action does not cure the deficiencies articulated above. The citizenships of the Plaintiff and of QPK remain unknown. Moreover, the Complaint filed in this case names Waner as a defendant, and QPK has not cited to anything in the record to establish that claims against Warner have indeed been dismissed. Thus, as far as the Court can tell, Waner remains as a party.

Further, the Court finds that the amount in controversy requirement is not satisfied. Whether the amount in controversy requirement is satisfied is determined by examining the Complaint, or, if damages are not expressly quantified therein, by examining the Notice of Removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290, 1291 n.4 (10th Cir. 2001). Here, the First Amended Complaint does not quantify the damages sought. QPK generally alleges in its Notice of Removal that the requirement is met because the amount in dispute

exceeds $75,000, but there is nothing contained in, or attached to, the Notice of Removal that would establish the actual amount disputed.

Accordingly, the Court finds that it does not have subject matter jurisdiction over the claims asserted in this action, and the case must be remanded to the Colorado District Court for the City and County of Denver.

With regard to the request for attorney fees, no showing has been made that reasonable fees have been incurred.  Therefore attorney fees are denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand (#6) is **GRANTED**. The clerk shall return the matter to the court whence it was Removed and close the matter in this Court.

Dated this 1st day of April, 2013.

                                            **BY THE COURT:**

*[Signature: Marcia S. Krieger]*

                                        Marcia S. Krieger
                                        Chief United States District Judge